**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAFAEL NUNEZ,

        Petitioner,         Case Number: 07-CV-13580

v.         HONORABLE AVERN COHN

C. EICHENLAUB,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

I.

This is a habeas case under 28 U.S.C. § 2241. Petitioner Rafael Nunez (Petitioner), who is currently incarcerated at the Federal Correctional Facility in Milan, Michigan, challenges the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as a halfway house. For the reasons stated, the petition will be dismissed without prejudice for failure to establish standing.

II.

Petitioner does not identify in his petition the offense(s) for which he is incarcerated, the date upon which he was convicted, or the federal district court where he was convicted and sentenced. He also does not provide his projected dates for CCC placement or full term release. The BOP's inmate locator database lists Petitioner's

projected release date as February 19, 2016.[1]

In his pleadings, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which categorically limit the BOP's authority to place offenders in CCCs to the final 10% or six months of their sentences, whichever is less.

III.

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). The injury "must be legally and judicially cognizable. This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest which is . . . concrete and particularized.'" Raines v. Byrd, 521 U.S. 811, 819 (1997), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Here, Petitioner has not alleged facts to establish that he has standing to bring this habeas action. He has not shown that the BOP has applied the disputed policy to him. Given this circumstance, Petitioner has failed to establish that he has Article III standing to bring this action. See Delano v. Eichenlaub, No. 07-13287, 2007 WL 2571952 (E.D. Mich. September 05, 2007) (Duggan, J.) (holding that federal inmate

---

[1] The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator Service enables the public to track the location and projected release dates of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. See Fed. R. Evid. 201(c).

who failed to show that the BOP's disputed policy had been applied to deny him consideration for CCC placement lacked standing to file to challenge the policy); <u>Ortiz v. Eichenlaub</u>, No. 2:07-CV-13525, 2007 WL 2572014 (E.D. Mich. Sept. 5, 2007)(Taylor, J) (same). The petition must therefore be dismissed.

IV.

For the reasons state above, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

    s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and on this date, September 27, 2007, by electronic and/or ordinary mail.

    s/Julie Owens  
Case Manager, (313) 234-5160